UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO D. BLUE, *Pro Se*, | ) | Case No.: 1:20 CV 134 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| WENDY R., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant | ) | |

*Pro Se* Plaintiff Mario D. Blue filed this action against Wendy R., a Bureau of Workers Compensation ("BWC") employee.  In the Complaint, Plaintiff alleges the his child support obligations are being deducted from his BWC payments without a separate monetary judgment from a court.  He contends that this is a violation of the Fair Debt Collections Practices Act ("FDCPA"). He seeks monetary damages and other proper relief.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2).  That Application is granted.

**Background**

This action is Plaintiff's fourth attempt to contest the collection of his child support obligation.  In his first action, *Blue v. Ryan*, No. 1:19 CV 962 (N.D. Ohio Oct. 31, 2019)(Oliver, J.), Plaintiff sued the Juvenile Court Judge who issued his child support order, the Appellate Court

Judges who upheld the order and the prosecutors who brought the action. That action was dismissed for lack of subject matter jurisdiction as well as judicial and prosecutorial immunity. The second action, *Blue v. Dept. of Treasury*, No. 1:19 CV 1926 (N.D. Ohio Dec. 27, 2019)(Barker, J.) was filed in state court and removed to federal court. He contested the withholding of his income tax refund to offset his child support arrearage. That action was dismissed *sua sponte* on the merits of the claims. At the same time, he filed *Blue v. Dept. of Treasury*, No. 1:19 CV 1926 (N.D. Ohio Dec. 27, 2019)(Barker, J.) in this federal court asserting the same claims. That action was dismissed as duplicative. Plaintiff has now brought this action against a BWC employee to contest the attachment of his Worker's Compensation benefits to offset his child support obligation. He contends that Ohio law requires a separate monetary judgment to garnish property or payment. He states that only the child support order exists in his case. He asserts that attachment of his Worker's Compensation payments is a violation of the FDCPA.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise

2

to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

## Analysis

The FDCPA, a sub-chapter of the Consumer Credit Protection Act, is intended to protect both

debtors and non-debtors from misleading and abusive debt-collection practices. *See* 15 U.S.C. § 1692(e). The FDCPA subjects a debt collector to civil liability for failure to comply with any of its provisions. *See* 15 U.S.C. § 1692k(a). The FDCPA defines the term "debt collector" to mean "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *See* 15 U.S.C. § 1692a(6). The FDCPA specifically excludes from that definition "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." *See* 15 U.S.C. § 1692a(6)(C). Plaintiff describes Defendant as a "BWC Case Specialist" which qualifies her as an officer or employee of the State of Ohio. She is not a debt collector under the terms of the FDCPA.

Though the Courts in this District have been tolerant of Plaintiff's *pro se* filings up to this point, there comes a point when we can no longer allow Plaintiff to misuse the judicial system at taxpayer expense. The filing of frivolous lawsuits and motions strains an already burdened federal judiciary. As the Supreme Court recognized: "Every paper filed with the Clerk of ... Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). Our ability to perform our duties is compromised when we are forced to devote limited resources to the processing of repetitious and frivolous filings. *In re Sindram*, 498 U.S. 177, 179-80 (1991).

After a careful review of Plaintiff's conduct in this and other cases filed in the Northern

4

District of Ohio, this Court has determined that it may be necessary to impose some restrictions on Plaintiff's ability to continue on in this manner. Congress first enacted an *in forma pauperis* statute in 1892 "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324, (1989) (citing *Adkins v. E.I. DuPont deNemours & Co.*, 335 U.S. 331, 342-43 (1948)). Proceeding *in forma pauperis* is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010). Federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam); *Levy v. Macy's, Inc.*, No. 1:13-CV-148, 2014 WL 49188, at *4 -5 (S.D. Ohio Jan. 7, 2014); *Hopson v. Secret Service*, No. 3:12-CV-770-H, 2013 WL 1092915, at *1-3 (W.D. Ky. Mar. 15, 2013); *Marshall v. Beshear*, No. 3:10-CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010); *Haddad v. Michigan Nat. Bank*, No. 1:09-CV-1023, 2010 WL 2384535, at *2-3 (W.D. Mich. June 10, 2010). Plaintiff is cautioned that he may be denied the privilege of proceeding as a pauper and be required to pay the entire filing fee in future lawsuits pertaining to the assessment of collection of child support.

## Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28

5

U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

    IT IS SO ORDERED.

                                                      */s/ SOLOMON OLIVER, JR.*
                                                      UNITED STATES DISTRICT JUDGE

May 4, 2020

---

[1]     28 U.S.C. § 1915(a)(3) provides:

    An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.